**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV191**

| | |
|---|---|
| **FAIRFIELD RESORTS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **FAIRFIELD MOUNTAINS** ) | |
| **PROPERTY OWNERS** ) | |
| **ASSOCIATION, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

      **THIS MATTER** is before the Court on Defendant's motion to dismiss

for lack of subject matter jurisdiction; Plaintiff has filed response in

opposition.


# I. FACTS

      This matter arises from a dispute surrounding two leaseholds held by

Plaintiff Fairfield Resorts, Inc.  The property subject to the leases is owned

by Defendant Fairfield Mountains Property Owners Association, Inc.

("Defendant" or "POA").  Each lease is for a period of 25 years, with

approximately 12 years remaining.  In a letter dated March 30, 2006,

Defendant declared its belief that the leases were a "nullity" and demanded

Dockets.Justia.com

2

that Plaintiff begin paying rent that is approximately four times the monthly amount paid over the preceding 13 years of the lessor-lessee relationship. When Plaintiff asserted the validity of the leases and refused to acquiesce to the increase, Defendant informed Plaintiff that it had "thirty (30) days from May 29, 2006" to vacate the premises.  Plaintiff subsequently filed this action seeking a declaration that the leases are valid and injunctive relief preventing Defendant from evicting Plaintiff from the property.  *See*, **Complaint and attachments, filed June 20, 2006.**

Defendant has filed a motion to dismiss for lack of subject matter jurisdiction, asserting that the amount in controversy requirement for diversity jurisdiction has not been met.  *See*, **Defendant's Motion to Dismiss, filed June 23, 2006.**  Defendant argues that Plaintiff has simply made a "bald assertion" that the jurisdictional amount is satisfied, and asserts that "[t]here are no factual allegations in the Complaint regarding any amounts in controversy other than references to monthly lease payments[.]"  *Id.*, **¶¶ 1-2.**

3

## II. STANDARD

"The existence of subject matter jurisdiction is a threshold issue" which must be addressed before the merits of the case. ***Jones v. American Postal Workers Union***, 192 F.3d 417, 422 (4th Cir. 1999). Rule 12(b)(1) provides for dismissal where the Court lacks jurisdiction over the subject matter of the lawsuit. ***See*, Fed. R. Civ. P. 12(b)(1).** Questions regarding subject matter jurisdiction may be raised by either party at any time or *sua sponte* by the Court. ***See, Plyler v. Moore*, 129 F.3d 728, 732 n.6 (4th Cir. 1997) (citing *North Carolina v. Ivory*, 906 F.2d 999, 1000 n.1 (4th Cir. 1990)).** The burden of establishing subject matter jurisdiction is on the party asserting its existence. ***See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)); *Adams v. Bain*, 697 F.2d 1213, 1218 (4th Cir. 1982).**

Where diversity jurisdiction is alleged, the amount in controversy must exceed $75,000. **28 U.S.C. § 1332.** A party's good faith allegation of the amount in controversy generally will be sufficient to establish that the amount in controversy requirement of § 1332 is met. ***See, Cale v. Covington*, 586 F.2d 311, 313 (4th Cir. 1978).** However, "where a defendant or the court challenges the plaintiff's allegations regarding the

4

amount in question, the plaintiff who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims." **Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995).**

If the relief sought is injunctive or declaratory, rather than monetary, "it is well established that the amount in controversy is measured by the value of the object of the litigation." **Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977); see also, Agency Ins. Co. of Maryland, Inc. v. Smith, 161 F.3d 1 (table), 1998 WL 567843, at \*1 (4th Cir. 1998) (quoting Hunt, supra); Hoffman v. Vulcan Materials Co., 19 F.Supp.2d 475, 479 (M.D.N.C. 1998).**  In determining whether the "value of the object of the litigation" is sufficient to satisfy the amount in controversy requirement, the Court should grant a dismissal only where it appears to a *legal certainty* that the controversy involves less than $75,000.  **See, e.g., Shanaghan v. Cahill, 58 F.3d 106, 112-13 (4th Cir. 1995); Nutter v. New Rents, Inc., 945 F.2d 398 (table), 1991 WL 193490, at \*\*4 (4th Cir. 1991).**

## III. ANALYSIS

5

There is no question but that the amount in controversy requirement has been met.  The "object of the litigation" in this case is two leases pertaining to real property.  Whether those leases are considered over their entire existence (25 years) or only over the remaining life of the leases (12 years), and whether the value assigned is the amount historically paid by Plaintiff (a combined $1,502.96 per month) or the amount now demanded by Defendant (a combined $5,343.00 per month),[1] their value well exceeds the amount in controversy required by § 1332.[2]

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss is **DENIED**.

---

[1] *See Candor Hosiery Mills, Inc. v. Int'l Networking Group, Inc.*, 35 F.Supp.2d 476, 480 (M.D.N.C. 1998) ("It is proper, then, to examine the total value of the alleged agreements to either party to determine the value of the object of the litigation."); *Safeway, Inc. v. Sugarloaf P'ship, LLC*, 423 F.Supp.2d 531, 536 n.1 (D. Md. 2006) (finding "no reason for concern" in relation to the amount in controversy requirement as a result of "the net present value of the lease at issue, which has monthly rent in the tens of thousands of dollars").

[2] Even considering only the amount currently paid by Plaintiff ($1,502.96 per month) and only the remaining 12 years of the leases, results in a "value" of approximately $216,426.24, which is quite obviously in excess of the minimum amount required by § 1332.

6

Signed: June 28, 2006

_____

Lacy H. Thornburg
United States District Judge