IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:06-CV-191

| | |
|---|---|
| **FAIRFIELD RESORTS, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **FAIRFIELD MOUNTAINS** ) | |
| **PROPERTY OWNERS** ) | |
| **ASSOCIATION, INC.,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, filed August 18, 2006.

A motion for a temporary restraining order is analyzed under the "hardship balancing" test, the same test applied to motions for preliminary injunctions. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, **174 F.3d 411 (4th Cir. 1999).** Under the hardship balancing test, the Court must consider the likelihood of irreparable harm to the Plaintiff if the temporary restraining order is denied, the likelihood of harm to the Defendant if the relief is granted, Plaintiff's likelihood of success on the merits, and the public interest. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, **952 F.2d 802,**

812 (4th Cir. 1991). A temporary restraining order is an extraordinary remedy which is to be used sparingly. ***Scott v. Nat'l Century Fin. Enters. (In re Baltimore Emergency Servs. II, Corp.)*, 432 F.3d 557, 564 (4th Cir. 2005).**

Having reviewed the pleadings, the Court is of the opinion that insufficient evidence is available to exercise the extraordinary power of issuing a temporary restraining order. For example, because Plaintiff's motion addresses harm that was to occur on Sunday, August 20, 2006, and the requested relief does not include an Order requiring the replacing of any signs that may have already been taken down by Defendant in the event this Court agrees that the hardship balancing test favors Plaintiff, the Court is unable to ascertain whether issuance of a TRO today, August 21, 2006, ordering Defendant not to remove or alter existing signs nor to install new signs would be futile.

The Court will therefore deny Plaintiff's motion for a temporary restraining order. As to Plaintiff's motion for preliminary injunction, this Court is of the opinion that, given the nature of the dispute, this matter can be resolved without a hearing on the matter. Defendant will therefore be ordered to file a response to Plaintiff's motion for preliminary injunction at or before 3:00 p.m. on Friday, August 25, 2006, attaching any evidence it

wishes this Court to consider on the matter.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for a Temporary Restraining Order is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant is to file a response to Plaintiff's Motion for a Preliminary Injunction at or before 3:00 p.m. on Friday, August 25, 2006.

Signed: August 21, 2006

Lacy H. Thornburg
United States District Judge