# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO. 1:06CV191

| | |
|---|---|
| FAIRFIELD RESORTS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FAIRFIELD MOUNTAINS PROPERTY )<br>OWNERS ASSOCIATION, INC., )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM<br>AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's timely filed objections to the Memorandum and Recommendation of United States Magistrate Judge Dennis Howell and the Plaintiff's response to those objections. Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the parties' respective motions for summary judgment and partial summary judgment to the Magistrate Judge for a recommendation as to disposition. Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, the Court finds, for the reasons set forth below, that the Memorandum

and Recommendation is affirmed and the Plaintiff's motion is granted in its entirety. **28 U.S.C. § 636(b); Fed. R. Civ. P. 72.**

## I.  PROCEDURAL HISTORY

Because the procedural history and factual background of this action is fully set forth in the Memorandum and Recommendation, as well as in this Court's previous orders entered herein, the same will not be outlined again here.  However, such facts are fully incorporated herein.  The same is true as to the underlying agreements and bankruptcy court records referenced in the Magistrate Judge's Memorandum and Recommendation.

## II.  STANDARD OF REVIEW

A district court reviews objections to a memorandum and recommendation under a *de novo* standard.  **28 U.S.C. § 636(b).**  "'Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.'"  ***Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).**  Likewise, where the objecting party merely rehashes

arguments previously raised in connection with the motion under advisement, the district court is not obligated to undertake a *de novo* review. ***Eaker v. Apfel*, 152 F.Supp.2d 863 (W.D.N.C. 1998),** *aff'd*, **217 F.3d 838 (table), 2000 WL 950429 (4th Cir. 2000).** Where specific objections are not filed, a district court should give such review to the memorandum and recommendation as it deems appropriate. ***Thomas v. Arn*, 474 U.S. 140, 152 (1985).**

> Under the Federal Rules of Civil Procedure, summary judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." As the Supreme Court has observed, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

***Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 519 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e) and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986)).** A genuine issue exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. ***Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citing *Anderson, supra*).** "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment

bears an initial burden of demonstrating the absence of a genuine issue of material fact." **Bouchat, 346 F.3d at 522 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).** If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist. *Id.*

> A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denial of [his] pleadings," but rather must "set forth specific facts showing that there is a genuine issue for trial." Furthermore, neither "[u]nsupported speculation," nor evidence that is "merely colorable" or "not significantly probative," will suffice to defeat a motion for summary judgment; rather, if the adverse party fails to bring forth facts showing that "reasonable minds could differ" on a material point, then, regardless of "[a]ny proof or evidentiary requirements imposed by the substantive law," "summary judgment, if appropriate, shall be entered."

*Id.* **(quoting Fed. R. Civ. P. 56(e) and Felty v. Graves-Humphreys Co., 818 F.3d 1126, 1128 (4th Cir. 1987)) (other internal citations omitted).**

Where the parties have cross-moved for summary judgment, the Court will consider each motion separately. Thus, in considering the Plaintiff's motion, Plaintiff as the moving party has an initial burden to show a lack of evidence to support Defendant's case. **Shaw, supra (citing Celotex Corp., supra).** If this showing is made, the burden then shifts to the Defendant who must convince the Court that a triable issue does exist.

*Id.* Such an issue will be shown "if the evidence is such that a reasonable jury could return a verdict for the [Plaintiff]." *Id.* A "mere scintilla of evidence" is not sufficient to defeat summary judgment. *Id.* After consideration of the Plaintiff's motion, the same procedure is used in connection with Defendant's motion for summary judgment.

Thus, in considering the facts of the case for purposes of these cross-motions, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

### III. DISCUSSION

The Defendant has filed a total of 12 objections to the Memorandum and Recommendation which will be addressed *seriatim*.

**Objection No. 1**: Defendant first objects to the Magistrate Judge's conclusion that "'an easement by grant was created when the bankruptcy court entered its February 10, 1993, Order.'" **Defendant's Objections to Magistrate's Recommendation, filed May 31, 2007 (quoting Memorandum and Recommendation, at 14).** Defendant argues that neither the Settlement Agreement, the Exhibits to the Settlement

Agreement, nor the Bankruptcy Court's Order approving the Settlement Agreement granted a signage easement for the reason that no conveyance of the Amenities Property was made to the Defendant Property Owners Association (POA). **Defendant's Objections, at 1-2.**

As correctly noted by the Magistrate Judge, Fairfield filed for Chapter 11 bankruptcy in 1992. **Memorandum and Recommendation, at 5.** As a result of that filing, POA and Fairfield entered into a Settlement Agreement which was approved by the Bankruptcy Court in 1993. Under the terms of the agreement, amenities were to be transferred to the POA, Fairfield was permitted to lease back office and maintenance space within the resort for 25 years, and by a signage agreement, Fairfield was to be permitted to maintain certain signs on specified areas during this lease period. The agreement was honored by the parties for the intervening years until July 27, 2006, when the POA unilaterally decided to "begin replacing the signs within the control of the [POA] . . . which includes those signs located on our common areas and lots." **Plaintiff's Exhibit U, POA's Letter dated July 27, 2006, *included in* Plaintiff's Exhibits in Support of Summary Judgment, filed March 1, 2007.** Defendant's letter ignored the plain

language of Exhibits to Fairfield Mountains Settlement Agreement rescinding in pertinent part as follows:

> The properties listed on Exhibits "A" and "B" are to be conveyed by Fairfield Communities, Inc. to the POA *subject to the following terms and conditions*:
>
> . . .
>         (e) An *easement* allowing Fairfield to retain and reserve the *exclusive* right to maintain and/or modify all its existing signs and the non-exclusive right to maintain and/or modify existing signs not owned by Fairfield and to add new signs at Fairfield Mountains on properties conveyed to the Fairfield Mountains Property Owner's Association by Fairfield for as long as Fairfield operates a sales office or management operation at what is presently known as Fairfield Mountains.

**Plaintiff's Exhibit L (emphasis added).**

An easement in land is "[a]n interest in land owned by another . . . consisting in the right to use or control the land . . . for a specific limited purpose[.]" ***Black's Law Dictionary* (8th ed. 2004).**

> With reference to the manner of grant, the rule is that in describing an easement, all that is required is a description which identifies the land that is the subject of the easement and expresses the intention of the parties. No set form or particular words are necessary to grant an easement. As a general rule, any words clearly showing the intention to grant an easement which is by law grantable are sufficient.

***Allen v. Duvall*, 311 N.C. 245, 248-49, 316 S.E.2d 267, 270 (1984) (quotations omitted).** There appears to be no question as to the intent of the parties to the agreement that a grant be created. The agreement was

approved by the bankruptcy court on February 10, 1993, and became binding on the parties as of that date.  **See, Plaintiff's Exhibit M, Order Approving Settlement of Claims, United States Bankruptcy Court for the Eastern District of Arkansas, Western Division;** *see also*, *Waters v. N.C. Phosphate Corp.*, **310 N.C. 438, 442, 312 S.E.2d 428, 432 (1984).** The approval by the bankruptcy court simply finalized the agreement under which the easement grant was to become operative.  There is nothing in the agreement to suggest that its recordation was necessary to render it enforceable as between the signatory parties.  Innocent purchasers for value or foreign parties are not affected, therefore, the provisions of N.C. Gen. Stat. § 47-27 are not involved.  Therefore, Defendant's Objection No. 1 is overruled.

**Objection No. 2**: Defendant next contends that the Magistrate Judge erroneously concluded "that recordation is only relevant as to third parties [and] . . . [he failed] to address the significance of the merger doctrine." **Defendant's Objections, at 4.**  This objection is without merit.

As stated *supra,* the bankruptcy court's order of approval clearly included the complete language of the agreement which provided that the properties described in Exhibits A and B were to be conveyed to the POA

subject to a signage agreement containing the disputed easement. **See Plaintiff's Exhibit M.** Once the referenced properties were conveyed to the POA by the terms of the court's order as well as agreement of the parties, the signage easement attached and was honored by the parties for the next 13 years. **See Plaintiff's Exhibit L, Exhibits to Fairfield Mountains Settlement Agreement,** *attached to* **Supplement to Motion to Approve Settlement of Claims.** "Thus, the easement was granted twice – by the bankruptcy court and by the POA, itself." **Plaintiff's Memorandum in Response to Objections, filed June 8, 2007, at 4.** Objection No. 2 is likewise overruled.

**Objection No. 3**: The Defendant asserts that the Magistrate Judge erroneously found that Plaintiff attempted to record the easement when it conveyed the amenities property to the POA.

This objection is of no moment in view of the Court's ruling as to Objection No. 1. Recordation of the easement grant is not a condition precedent to its enforcement as between the parties. Thus, assuming that the referenced finding by the Magistrate Judge is erroneous, it is immaterial as to the determination of the validity of the granted easement; therefore, Objection No. 3 is overruled.

**Objection No. 4**: The Defendant asserts the Magistrate Judge erred in his conclusions of law and findings of fact that POA's arguments are "foreclosed by the application of judicial estoppel because the POA took inconsistent positions for the purpose of gaining an unfair advantage" and acted in bad faith.

"Bad faith means not based on honest disagreement or innocent mistake." ***Lovell v. Nationwide Mut. Ins. Co.*, 108 N.C. App. 416, 421, 424 S.E.2d 181, 185 (1993).** Judicial estoppel is a part of the common law of North Carolina and protects the judicial process. Where the conduct or words of one party induce another's detrimental reliance, the offending party may be estopped from denying the truth of prior statements or actions indicating acceptance of an agreement. ***Whiteacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 591 S.E.2d 870 (2004).**

> North Carolina courts have recognized many of the doctrinal precursors of judicial estoppel in an evolving jurisprudence that has consistently disfavored reversals of position on factual matters to suit the exigencies of the moment.

***Id*. at 14, 591 S.E.2d at 880.** The record clearly demonstrates that Defendant, through the agreement reviewed and approved by the bankruptcy court, accepted and approved the easement now vigorously disputed. The easement was recognized and honored for 13 years. This

Court affirms the Magistrate Judge's inescapable conclusion that "the POA has taken inconsistent positions intentionally for the purpose of gaining unfair advantage." **Memorandum and Recommendation, at 21.** Therefore, Defendant's Objection No. 4 is overruled.

**Objection No. 5**: Defendant contends the Magistrate Judge failed to balance the harm to the Defendant and consider the public interest in recommending the preliminary injunction be made permanent.

This Court previously considered and weighed the interest of the various parties, including the public interest, in making its determination to issue a preliminary injunction. ***See* Memorandum and Order, filed August 29, 2006, at 7-17.** The Court sees no reason to alter or further explain its reasoning as set forth therein. Therefore, Defendant's Objection No. 5 is overruled.

**Objection No. 6**: The Defendant objects to the Magistrate Judge's finding that "'the resort appears to consist mainly of condominiums, many of which are owned as 'timeshares[.]'" **Defendant's Objections, at 7 (quoting Memorandum and Recommendation, at 5).**

This objection is meritless as well. The number of timeshares or condominiums is of no moment. The size of Defendant's operation has

nothing to do with its obligation to honor its responsibilities under the agreement and ensuing easement. Objection No. 6 is overruled.

**Objection No. 7**: Defendant objects to the Magistrate Judge's finding that the POA did not inform Plaintiff of the name change to Rumbling Bald Resort until seven months after the fact. *Id*. **at 8.** The date when the resort's name changed is of no consequence to the ultimate recommendation by the Magistrate Judge to this Court, or this Court's decision regarding the easement. The objection is, therefore, overruled.

**Objection No. 8**: Defendant objects to the Magistrate Judge's finding that POA's employees and contractors knew the signs belonged to the Plaintiff when "they honored Fairfield's request not to mow around these signs." *Id*. **(quoting Memorandum and Recommendation, at 21).** This objection is immaterial and of no consequence to the decision in this case. Whether POA's employees or contractors who did the mowing on the premises knew who owned the signs around which the mowing took place is not a material issue in this case. The objection is overruled.

**Objection No. 9**: The Defendant objects to the Magistrate Judge's finding that the "POA clearly wanted shed of its creator turned competitor." *Id*. **at 9 (quoting Memorandum and Recommendation, *supra*).** This

finding is fully supported by the evidence of record when considered as a whole.  The evidence clearly indicates that Defendant was party to an agreement signed in 1993 which provided for the ultimate grant of a signage easement; this agreement was approved and adopted by a federal bankruptcy court; the parties honored the agreement by complying with its provisions for 13 years; the Defendant unilaterally decided after this period of time to suddenly ignore the signage agreement; deny rental payments made and accepted as such; and then undertook to impose "common charges" for which there was no authorization or basis, and declared Plaintiff in breach of the lease agreement.  The Magistrate Judge's conclusion is supported by a reasonable interpretation of the evidence and the objection is overruled.

**Objection Nos. 10 and 11**: These objections relate to the Magistrate Judge's recommendation that Defendant's "Fifth Further Counterclaim and Defense, Easement Unenforceable," be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) along with Defendant's remaining counterclaims. **Memorandum and Recommendation, at 26-27.**  For the reasons previously set forth above, as well as the learned and correct discussions

set forth in detail in the Memorandum and Recommendation filed herein, these objections are overruled.

An easement is an interest in land and subject to the statute of frauds; therefore, it must be in writing. ***Concrete Mach. Co., Inc. v. City of Hickory*, 134 N.C. App. 91, 517 S.E.2d 155 (1999)**. The subject easement is in writing.

The easement must be sufficiently certain to permit its location with reasonable certainty, otherwise it is unenforceable as ambiguous. ***Apple Mountain Homeowners Ass'n v. Scott*, 156 N.C. App. 427, 577 S.E.2d 717 (table), 2003 WL 723989 (2003).** A patently ambiguous easement is unenforceable, that is, a vaguely described easement of uncertain meaning would constitute an "easement unenforceable." ***See, Williams v. Skinner,* 93 N.C. App. 665, 379 S.E.2d 59 (1989).** However, the subject easement is so well described that all parties were able, without exception, to understand and comply with its provisions for an unbroken period of almost 14 years. It is, thus, enforceable, arguments to the contrary nothwithstanding. Objection Nos. 10 and 11 are, therefore, overruled.

**Objection No. 12**: This general objection is overruled for the reasons set forth above.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for leave to file the affidavit of Dennis Buckner is **ALLOWED**;

**IT IS FURTHER ORDERED** that the Defendant's motion for partial summary judgment is **DENIED**; and

**IT IS FURTHER ORDERED** that the Plaintiff's motion for summary judgment is **ALLOWED**.

A Judgment for the Plaintiff and against the Defendant along with a permanent injunction is filed herewith.

Signed: July 18, 2007

Lacy H. Thornburg
United States District Judge